

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:98-CR-66 |
| | § | |
| ELVIS DEVILLE MOORE | § | |

### REPORT AND RECOMMENDATION ON DEFENDANT'S <u>MOTION TO DISMISS</u>

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court, Eastern District of Texas, the District Court referred this criminal matter to the undersigned United States Magistrate Judge for entry of recommended findings and disposition on case-dispositive motions. Pending before the Court are the Defendant's *Motion(s) Pursuant to Federal Rules of Criminal Procedure 60(b)(6) to Dismiss the Indictment in this Case Due to the Court's Lack of Jurisdiction to Hear Counts (1), (2), and (3) of the Indictment Which Fail to Charge an Offense Under 18 U.S.C. § 922(g)(1), 21 U.S.C. § 841(a)(1) or 18 U.S.C. § 924(c)* [Clerk's doc. #s 27, 29].

**Background**

On May 14, 1998, a federal grand jury in the Eastern District of Texas returned a three-

count indictment charging the movant Defendant, Elvis Deville Moore, with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute a mixture or substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 841(a)(1),and using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

The record reflects that Mr. Moore entered into a plea agreement with the Government and agreed to plead guilty to Count 1 of the Indictment, which charged him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On August 17,1998, the plea agreement was filed with the Court and Mr. Moore entered his plea of guilty as to Count 1. On January 8, 1999, he appeared for sentencing on the felon in possession charge in Count 1, and the Court dismissed the other two charging counts of the Indictment pursuant to the Government's motion. The District Court sentenced Mr. Moore to 120 months imprisonment on Count 1, and a judgment on conviction was accordingly entered reflecting this on January 14, 1999. Nothing has been filed in the case since that date until the instant motions for dismissal filed by Mr. Moore. The CM/ECF docketing system for the Eastern District of Texas also shows that since his conviction, Mr. Moore has not filed any collateral post-conviction proceedings in this Court, such as a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, a challenge to his sentence under 28 U.S.C. § 2241, or a motion for modification of his sentence under 18 U.S.C. § 3582(c).

**Defendant's Motion**

Defendant contends in his motions that the charging Indictment upon which he was convicted should be dismissed. In support, he argues that the Indictment should be dismissed

because the offense which he pled guilty to and was convicted on, 18 U.S.C. § 922(g)(1)[1], is unconstitutional, vague and ambiguous, and does not clearly charge a crime. He alleges that the Indictment herein is defective because of the alleged problems with the charged crime, and the Court accordingly lacks subject matter jurisdiction due to the defective Indictment. He therefore requests that the Indictment be dismissed and he be released.

**Analysis**

i. Jurisdictional Challenge

Title 18, United States Code, Section 3231 gives federal courts original and exclusive jurisdiction over federal crimes. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States"); *see also United States v. Casey,* No. CV.04-2844-MI/P, CR.02-20308-MI, 2005 WL 2114059 at *2, 2005 U.S. Dist. LEXIS 43995 (W.D. Tenn. Aug. 30, 2005) (citing *United States v. Allen*, 954 F.2d 1160, 1165-66 (6th Cir. 1992)). Federal courts have exclusive jurisdiction over offenses against the laws of the United States under Section 3231; the permission of the state is not a prerequisite to exercise that jurisdiction. *United States v. Sitton*, 968 F.2d 947, 953 (9th Cir. 1992). On this basis alone, the Court finds Mr. Moore's jurisdictional challenge to be without merit. *See United States v. Trevino*, 299 F. App'x 384, 385 (5th Cir. Nov. 12, 2008) (citing 18 U.S.C. § 3231, 28 U.S.C. § 124; *United States v. Jackson*, 313 F.3d 231, 233 (5th Cir. 2002)).

Further, to the extent that challenges the Court's jurisdiction over the criminal charge on

---

[1] Mr. Moore references the other statutes he was charged with violating, 21 U.S.C. § 841(a)(1) and 18 U.S.C. 924(c), in the title of his motion. However, he was not convicted on those statutes and he does not discuss them in his motion. Accordingly, the Court need not address those charging statutes in this report.

which he was convicted, the Court finds these arguments to be baseless as well. In his motion, Moore states that "Rule 12 of the Federal Rules of Criminal Procedure requires that the defense bring all motions to dismiss defective indictments before trial begins. Rule 12, however, does not apply to challenges to a court's jurisdiction." The latter sentence is an incorrect statement of the law, as discussed below, and Mr. Moore offers no legal support indicating otherwise.

Instead, the Court finds that Mr. Moore's motions implicate a nonjurisdictional defect, which he cannot now raise. *See United States v. Daughenbaugh*, 549 F.3d 1010, 1012-1013 (5th Cir. 2009). The basis of his motion is that the indictment is defective because of alleged problems with the charged crime. Indictment defects do not deprive a court of jurisdiction. See *United States v. Cotton*, 535 U.S. 625, 630-31 (2002); *United States v. Cothran*, 302 F.3d 279, 283 (5th Cir. 2002). Any error in the charging procedure is nonjurisdictional. *See Daughenbaugh,* at 1012-1013.

Mr. Moore actually pled guilty and waived his right to a jury trial on the same charge with which he takes issue now. He did not appeal his conviction and it consequently became in January 1999, after the ten (10) day deadline for filing an appeal expired. He also did not file a motion to vacate or seek any other post-conviction relief. He is now precluded from filing a timely direct appeal or a timely motion to set aside, correct or vacate his sentence under 28 U.S.C. § 2255. Only now, ten years after his conviction, Mr. Moore presents the arguments about the defective indictment and charges contained therein. Accordingly, not only does his motion fail in that he poses it as a jurisdictional challenge, but he has also waived any challenge to the Indictment. *See United States v. Cotton*, 152 L. Ed. 2d 860, 122 S. Ct. 1781, 1785 (2002) (the Supreme Court held that defects in the indictment are not jurisdictional and applied plain error review because a

defendant had failed to challenge the sufficiency of the indictment before or during trial). Accordingly, the motion should be denied insofar as it is based on a jurisdictional challenge.

  ii.  Dismissal of Indictment

Federal Rule of Criminal Procedure 12(b)(3)(B) requires that a motion alleging a defect in the indictment or information must be made before trial. It further states that if said motion claims that the indictment or information fails to invoke the court's jurisdiction or state an offense, the motion may be made any time while the case is *pending*. *See* FED. R. CRIM. P. 12(b)(3)(B) (emphasis added). After a final judgment has been entered, and no direct appeal has been filed, a case is no longer pending and Rule 12(b)(3)(B) cannot be invoked to challenge jurisdiction. *Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008) (citing *United States v. Wolff*, 241 F.3d 1055, 1057 (8th Cir. 2001) (per curiam)). Final judgment of conviction was entered in January 1999 and Mr. Moore did not appeal. It follows that this case is also not pending for purposes of motions challenging jurisdiction or an indictment's sufficiency in stating an offense for purposes of FED. R. CRIM. P. 12(b)(3)(B). Defendant's reliance on this Rule in his motion is therefore incorrect, and the instant motion to dismiss the indictment is untimely.

In the title and body of his motion, Moore also cited Federal Rule of Criminal Procedure 60(b)(6). He simply states that "this Court has jurisdiction to hear this Motion under Rule 60(b)(6) of the Federal Rules of Criminal Procedure."

Federal Rule of Criminal Procedure governs victims' rights. Rule 60(b)(6) simply provides that "a failure to afford a victim any right described in these rules is not grounds for a new trial." This provision has no application in the instant situation, and Moore does not explain his citation

of this Rule in his motion. Accordingly, any reliance upon Rule 60(b)(6)[2] in support of the motion to dismiss the indictment is without merit.

    iii.    18 U.S.C. § 922(g)(1)

Moore's motion is premised on the argument that the felon-in-possession statute, Section 922(g)(1), is unconstitutionally vague, ambiguous and does not clearly charge him with a crime. He argues that the statute is not a definite written statement, there is no penalty for it as written, and it does not state what crime has been committed.

Many courts have overruled challenges to Section 922(g)(1) similar to Mr. Moore's. *See United States v. Rogers*, 41 F.3d 25 (1st Cir.), *cert. denied* 515 U.S. 1126 (1994) (18 U.S.C. § 922(g) not unconstitutionally vague); *United States v. Carter*, 981 F.2d 645 (2d Cir. ), *cert. denied* 507 U.S. 1023 (1993) ( holding that 922(g)(1) is not unconstitutionally vague or ambiguous under the Due Process Clause);*United States v. Gresham*, 118 F.3d 251 (5th Cir.), *cert. denied* 522 U.S. 1052) (1998) ("the constitutionality of § 922(g)(1) is not open to question") *United States v. Carr*, 513 F.3d 1164, 1168-1169 (9th Cir. 2008) ("the prohibition on gun possession sanctioned in § 922(g)(1) is neither ambiguous nor lacking in notice"). Based upon significant legal precedent upholding the validity of Section 922(g)(1) on numerous grounds, the Court finds that Mr. Moore's arguments about this charging statute are wholly without merit. His motion should also be denied for this

---

[2]Federal Rule of *Civil* Procedure 60(b)(6) does provide grounds for relief from a judgment in a civil case (emphasis added). Even if Mr. Moore's motion could be construed to have a clerical error because he meant to cite Fed. R. Civ. P. 60(b) instead of its criminal counterpart, this Court lacks the authority to use that Rule in the manner sought herein because the Federal Rules of Civil Procedure do not apply to criminal cases. *See United States v. Jaimes-Jurado,* No. 06-54123, 254 F. App'x 341, 342-43 (5th Cir. Nov. 13, 2007) (citing *United States v. O'Keefe*, 169 F. 3d 281, 289 (5th Cir. 1999) ("Federal Rule of Civil Procedure 60(b) therefore simply does not provide for relief from judgment in a criminal case."))

reason, as the challenge to Section 922(g)(1) is the legal basis for his request for dismissal of the Indictment in this cause.

**Conclusion and Recommendation of the Court**

Accordingly, having considered the motions, the record in this cause, and based upon the findings and conclusions law stated herein, the undersigned magistrate judge recommends that the District Court deny Defendant's motions to dismiss the indictment due to lack of jurisdiction [Clerk's doc. #s 27, 29].

**Objections**

Pursuant to 28 U.S.C. § 636(b)(1)(c), all parties are entitled to serve and file written objections to the report and recommendation of the magistrate judge within fourteen (14) days of service. Failure to file specific, written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1).

**SIGNED this the 19th day of March, 2010.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE